# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERESA R. DORSEY-WILLIAMS,
Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
Agency.

DOCKET NUMBER
SF-0752-16-0034-I-1

DATE: September 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Teresa R. Dorsey-Williams, Roseville, California, pro se.

Jeffrey Joseph Lorek, Esquire, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an allegedly involuntary resignation for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was an Information Technology Specialist who worked at the agency's Osan Air Base in the Republic of Korea.[2]  In May 2013, the Air Force Office of Special Investigations (AFOSI) contacted and interviewed her in connection with an ongoing investigation regarding drug use and/or distribution by military and/or civilian personnel at the base.  In June 2013, Korean police interviewed the appellant based on suspicion she had violated the Korean Drug Control Act (Marijuana).  No criminal charges were filed against her as a result of either investigation.  In early April 2014, AFOSI conducted a search of the appellant's cellular phone, which, in the agency's judgment, contained six photos apparently related to drug use and/or distribution, including an excerpt from a text message in which the appellant indicated she had a marijuana cigarette rolled up in the trunk of her car.[3]  On April 7, 2014, agency civilian personnel office

---

[2] Except where otherwise noted, the information in this paragraph is taken from the initial decision and is not in dispute.

[3] As discussed below, the appellant disputes the contents of the phone on review.

staff advised the appellant that management felt she needed to be removed and that it would be better for her if she resigned, that the agency could assist her in her return to the United States if she did so, and told her she had until the next day to decide what to do. On April 8, 2014, the appellant orally advised the agency that she would resign, and she submitted a letter of resignation the following day.[4] On April 20, 2014, the appellant tried to enter Osan Air Base and learned that she had been barred from entry per a verbal instruction from the base commander. On April 29, 2014, the appellant received notice that her security clearance and access to classified information was suspended. The appellant left Korea and returned to the United States on May 13, 2014, at the agency's expense. On May 14, 2014, the base commander issued a written letter barring the appellant from Osan Air Base or any other U.S. military installation in Korea for 20 years.

¶3     The appellant filed an appeal with the Board in October 2015, alleging that her resignation was involuntary. Based on the written record,[5] the administrative judge found that the appellant failed to establish by preponderant evidence that her resignation was involuntary. As an initial matter, the administrative judge concluded that the appellant's claims concerning her verbal barment from Osan Air Base on April 20, 2014, the suspension of her security clearance and access to classified information on April 29, 2014, the agency civilian personnel office staff causing her job offer with the U.S. Army to be rescinded in May, and the written barment dated May 14, 2014, warrant little consideration concerning whether her resignation was voluntary, because all of these events occurred after the appellant submitted her resignation on April 9, 2014. Initial Appeal File,

---

[4] The April 8, 2014 letter of resignation set an effective date of April 30, 2014. The appellant submitted another signed resignation on April 30, 2014, setting an effective date of May 20, 2014. The administrative judge found that it was immaterial whether April 30, 2014, or some later date was the correct one.

[5] The appellant waived her right to a hearing.

Tab 13, Initial Decision (ID) at 17. In so ruling, the administrative judge cited legal authority for the proposition that the most probative indicator of involuntariness generally will be a relatively short time period between coercive acts preceding an employee's exit. ID at 17-18. The administrative judge found the appellant's claim of being denied advanced leave in March 2012 to be incomplete, inconsistent with her own account, and contradicted by other evidence in the record. ID at 18-19.

¶4    The administrative judge concluded that the appellant failed to demonstrate that a reasonable person in her position would have felt compelled to resign for several reasons because: (1) there was nothing improper in the agency conducting an investigation concerning the use and distribution of illegal drugs by its employees or enlisted members using agency facilities; (2) allegations of unwarranted investigations generally do not rise to the level of intolerable working conditions for purposes of a claim of involuntary resignation; (3) the appellant's claims that her *Miranda*, *Kalkines*, and *Garrity* rights,[6] as well as her Fourth Amendment rights, were violated were unworthy of credence; (4) the appellant's claims concerning AFOSI implicated two interactions over the course of a year and, even with the second incident being contemporaneous with her resignation, and even assuming AFOSI subjected her to difficult or unpleasant conditions, the fact is that its interactions with her were relatively isolated, which would militate against a finding of intolerable working conditions; and (5) there was nothing improper in the agency's reliance on the AFOSI search and seizure

---

[6] *See Miranda v. Arizona*, 384 U.S. 436 (1968) (holding that, prior to police questioning, detainees must be advised of their constitutional right to an attorney and against self-incrimination); *see also Kalkines v. United States*, 473 F.2d 1391 (Ct. Cl. 1973) (discussing *Kalkines* warnings, which are provided when an employee is warned that he or she may be removed for failing to answer questions in an investigation, but his or her responses may not be used in a future criminal prosecution); *Garrity v. New Jersey*, 385 U.S. 493, 499-500 (1967) (explaining that *Garrity* warnings involve situations when public employees are told that they have the right to remain silent in an investigation, and any statements made could subject them to administrative or criminal liability).

of the appellant's cellular phone. ID at 19-21. The administrative judge observed that, while the appellant certainly had a difficult choice in deciding whether to resign or to stay and fight the threatened removal, she remained at all times free to fight any possible charges against her instead of accepting the offer to resign, and, under the circumstances, the agency's offer of consideration to resign in the form of assisting her with her return to the United States did not compromise her volition. ID at 21-22.

¶5 The administrative judge cited authority for the proposition that, to show coercion in the face of a threat of removal, an employee bears the burden of proving that the agency knew the reason for the threatened removal could not be substantiated; mere rebuttal of the grounds for a threatened removal fails to meet this burden, an appellant must show that the agency knew or believed the action could not be sustained or that an arguable basis for removal did not exist. ID at 23. The administrative judge found that the appellant failed to make any showing that her resignation was coerced under these standards. *Id.* Finally, the administrative judge analyzed whether the time pressure created by the appellant having to decide in 24 hours whether to resign or stay and fight an adverse action made the resignation coercive and concluded that it did not. ID at 25-27.

¶6 The appellant filed a timely petition for review, to which the agency filed a response, to which the appellant filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4.[7]

---

[7] The appellant's petition for review was a conclusory two-page document that asserted, without evidence or argument, that she "was railroaded into resigning." PFR File, Tab 1 at 4. We have, however, considered her more expansive arguments in her subsequent reply to the agency's response.

**ANALYSIS**

<u>The appellant has not shown that the initial decision contains erroneous findings of material fact.</u>

¶7    The Board will grant a petition for review when the petitioner shows that the initial decision contained erroneous findings of material fact.  5 C.F.R. § 1201.115(a).[8]  To be material, an alleged factual error must be of sufficient weight to warrant an outcome different from that of the initial decision.  5 C.F.R. § 1201.115(a)(1).  A petitioner who alleges that the administrative judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error.  5 C.F.R. § 1201.115(a)(2).  The petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record.  *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).

¶8    The appellant addresses, in one perfunctory paragraph, her contention that her resignation was involuntary, as follows:

> (1) Was I given some alternative to resignation; YES be fired; (2) was I or did I fully understand the nature of the choice that was given; (3) was not given a reasonable time in which to choose; (less than 24 hours) (4) whether the employee was permitted to select the effective date of the resignation; and (5) whether the employee was given time to get the advice of an attorney, the answer is NO.

PFR File, Tab 4 at 5 (punctuation as in the original).

¶9    However, these sorts of conclusory assertions fall far short of explaining why the challenged factual determinations are incorrect and identifying specific evidence in the record that demonstrates the error.  And the appellant's arguments

---

[8] The appellant does not argue that the initial decision was based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case, or that the administrative judge's rulings during the appeal or in the initial decision constituted reversible error.  *See* 5 C.F.R. § 1201.115(b), (c).  The Board normally will consider only issues raised on review.  5 C.F.R. § 1201.115.

lack the specificity to warrant an inference that there is a serious evidentiary challenge justifying a complete review of the record.

¶10    Although she does not label them as such, most of the appellant's contentions on review are of the sort that would be pertinent in an adverse action proceeding against her.  For example, she asserts that the base commander made inconsistent statements about his knowledge of the investigation of her and others and his involvement in the events leading to her resignation.  PFR File, Tab 4 at 6.  She makes similar assertions regarding a civilian personnel official.  *Id.*  As the administrative judge stated in the initial decision, when an employee resigns in the face of a threat of a forthcoming removal, mere rebuttal of the grounds for a threatened removal fails to show coercion; an appellant must show that the agency knew or believed the action could not be substantiated, or that an arguable basis for removal did not exist.  *Sullivan v. Department of Veterans Affairs*, 79 M.S.P.R. 81, 85 (1998); *Garland v. Department of the Air Force*, 44 M.S.P.R. 537, 540 (1990).  The appellant's contentions on review do not show that the agency knew or believed it could not substantiate a removal action or that an arguable basis for removal did not exist.

¶11    The appellant states that she has "new evidence," namely that the telephone that was ultimately returned to her in 2016 is not the same one that was seized from her in 2013 and which allegedly contained the incriminating photographs.  PFR File, Tab 4 at 6-8.  As discussed in the preceding paragraph, this allegation might be material if she had not resigned and was facing an adverse action, but it does not show that the agency knew or believed when she resigned that it could not sustain a removal action.

¶12    In sum, we conclude that the appellant has not provided any basis for disturbing the administrative judge's detailed analysis finding that her resignation was not involuntary.  *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (noting that the Board will not disturb an administrative judge's findings of fact when the initial decision reflects that she

considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

The appellant's affirmative defenses are without merit.

¶13    On review, the appellant again raises arguments that she was denied due process based on an allegedly incorrect penalty analysis and that she suffered title VII discrimination.  PFR File, Tab 1 at 5.  For the reasons discussed in the initial decision, which found that, absent an otherwise appealable action, the Board lacks jurisdiction to review such claims, we find that we cannot address these affirmative defenses.  ID at 29 n.16.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.